1   JOHN L. BURRIS (State Bar No. 69888)
    ADANTE POINTER (State Bar No. 236229)
2   **LAW OFFICES OF JOHN L. BURRIS**
    Airport Corporate Center
3   7677 Oakport St., Suite 1120
    Telephone:    (510) 839-5200
4   Facsimile:    (510) 839-3882

5
    Attorneys for Plaintiff
6   LOUIS MANNING, JR.

7

8

9
                    **UNITED STATES DISTRICT COURT**
10
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11
    LOUIS MANNING, JR..,                    )   Case No.:    C06-03435
12                                          )
                    Plaintiff,              )   COMPLAINT FOR DAMAGES
13                                          )   (42 U.S.C §§ 1983; and pendant state
          vs.                              )   claims)
14                                          )
    CITY OF ROHNERT PARK, a municipal       )   JURY TRIAL DEMANDED
15  corporation; THOMAS BULLARD             )
    individually and in his official capacity as )
16  chief of police for the CITY OF ROHNERT )
    PARK; JEFFREY JUSTICE individually and )
17  in his official capacities as a police officer for )
    the CITY OF ROHNERT PARK; DOES 1-      )
18  100, inclusive; individually and in their )
    capacities as police officers for the CITY OF )
19  ROHNERT PARK                           )
                                            )
20                  Defendants             )

21  _____

22                        **INTRODUCTION**

23        1.    This case is about the false detention, arrest and malicious prosecution of Mr.

24  Louis Manning, who was at the time of this incident a 28 year-old African American male and

25  City of Rhonert Park resident. Specifically, on or about June 1, 2005, City of Rhonert Park

    Police Officer Jeffrey Justice falsely arrested Mr. Manning pursuant to his investigation into the

reported robbery of a Rhonert Park gas station. Officer Justice determined Mr. Manning committed the robbery despite clear and convincing evidence, discovered by Officer Justice throughout the course of his investigation, that proved Mr. Manning had not, in fact, committed the reported robbery. Nevertheless, Officer Justice arrested Mr. Manning in violation of his Federal and State constitutional rights.

2.      As a result of Officer Justice's malicious or at best reckless conduct, Mr. Manning was forced to remain in jail for 14 days until a judge ordered Mr. Manning released from custody after hearing the evidence presented at Mr. Manning's brief preliminary hearing. In addition, Mr. Manning lost his job, nearly his family, and endured pain and suffering as well as severe emotional distress due to this incident.

## JURISDICTION

3.      This action arises under 42 U.S.C §§ 1983, 1985, and 1986. Jurisdiction is conferred upon this court by 28 U.S.C §§ 1331 and 1343 and by California tort law covering false arrest and wrongful imprisonment under section § 236 and § 237. Plaintiff complied with all applicable government tort claim requirements.

## PARTIES

4.      Plaintiff LOUIS MANNING is a competent adult, a resident of Rohnert Park, California, and a United States citizen.

5.      Defendant CITY OF ROHNERT PARK is and at all times herein mentioned a municipality duly organized and existing under the laws of the State of California.

6.      At all times mentioned herein, THOMAS BULLARD was CHIEF OF POLICE for the CITY OF ROHNERT PARK ("hereinafter CHIEF BULLARD or DEFENDANT"), is sued in his individual and official capacity.

7.      At all times mentioned herein, JEFFREY JUSTICE was a POLICE OFFICER for the CITY OF ROHNERT PARK ("hereinafter OFFICER JUSTICE or DEFENDANT "), is sued in his individual and official capacity.

8.      Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sue said Defendants by such fictitious

MANNING vs. CITY OF RHONERT PARK
COMPLAINT FOR DAMAGES

names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE Defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each Defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint subject to further discovery.

9.     In doing the acts alleged herein, Defendants acted within the course and scope of their employment for the CITY OF ROHNERT PARK.

10.    In doing the acts and/or omissions alleged herein, Defendants acted under color of authority and/or under color of law.

11.    Due to the acts and/or omissions alleged herein, Defendants acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

## FACTS

12.    On June 1, 2005, CITY OF ROHNERT PARK POLICE OFFICER, Jeffrey Justice, falsely arrested Mr. Louis Manning on charges of violating Penal Codes § 211 and § 1203.2.

13.    Officer Justice arrested Mr. Manning pursuant to his investigation of a robbery that took place on May 27, 2005 at a Shell gas station located at 1484 E. Cotati Ave in Rohnert Park, California.

14.    During the investigation, Officer Justice reviewed a surveillance tape and spoke to witnesses including Ms. Olivera, who was working as a clerk when the robbery took place.

15.    Based on his investigation, Officer Justice determined that one of the suspects was a black male wearing a "Scandia" sweatshirt, so he went to Scandia to inquire about whether an employee may have been involved in the robbery.

16.    After speaking with a clerk at Scandia, he assumed that Louis Manning

MANNING vs. CITY OF RHONERT PARK
COMPLAINT FOR DAMAGES

1   committed the robbery.

2       17.    Officer Justice continued to believe that Mr. Manning committed the robbery

3   despite the fact that the description of the black male suspect in the robbery given by two

4   separate witnesses bore no resemblance to Mr. Manning.

5       18.    Furthermore, Ms. Olivera told Officer Justice that while Mr. Manning bore a

6   slight resemblance to the robbery suspect, she did not, in fact, believe that Mr. Manning was the

    individual involved in the robbery.

7       19.    Moreover, none of the latent fingerprints lifted from the crime scene matched

8   Mr. Manning's fingerprints.

9       20.    Nevertheless, Officer Justice went to Louis Manning's house and arrested

10  Mr. Manning for robbery.

11      21.    Mr. Manning was taken to jail and remained there for 14 days until his

12  preliminary hearing on June 14, 2005.

13      22.    After a brief direct and cross-examination of Officer Justice and Ms. Olivera, the

14  Judge dismissed the charges against Mr. Manning.

15      23.    Due to Officer Justice's reckless conduct and incompetent investigation, Mr.

    Manning sustained severe injuries.

16      24.    For example, Manning was imprisoned for 14 days, lost his job, and suffered

17  extreme emotional distress.

18      25.    Mr. Manning suffered a violation of his constitutional rights under the Fourth

19  and Fourteenth Amendments to the United States Constitution to be free from an unreasonable

20  search and seizure of his person, a loss of his physical liberty, and physical pain and suffering,

21  emotional trauma and suffering, and accompanying family discord.

22

23  **CAUSES OF ACTION**

    **FIRST CAUSE OF ACTION**

24  (42 U.S.C. § 1983- VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT)

25  (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 100)

MANNING vs. CITY OF RHONERT PARK
COMPLAINT FOR DAMAGES

- 4

26.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25.

27.     Defendants' above-described conduct violated plaintiff's right to be free from unreasonable seizures without probable cause under the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
(42 U.S.C. § 1983- VIOLATION OF FOURTEENTH AMENDMENT)
(AGAINST ALL DEFENDANTS HEREIN AND DOES through 100)

28.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27.

29.     Defendants' above-described conduct violated plaintiff's right to be free from unreasonable seizures and excessive and/or arbitrary force without reasonable or probable cause under the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
(42 U.S.C. § 1983- VIOLATION OF CIVIL RIGHT TO LIFE AND LIBERTY)
(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 100)

30.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29. Defendants acted under color of law in subjecting plaintiff to an unreasonable seizure, thereby depriving plaintiff of certain constitutionally protected rights, including, but not limited to:

    a.     The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b.     The right to equal protection of the laws, as guaranteed by the fourteenth Amendment to the United States Constitution; and,

    c.     The right to be free from pre-conviction punishment as guaranteed by the

MANNING vs. CITY OF RHONERT PARK
COMPLAINT FOR DAMAGES
- 5

fourth, fifth and fourteenth Amendments to the United States Constitution.

32.    As a proximate result of the foregoing wrongful acts of Defendant, Plaintiff has sustained, and will in the future sustain, pecuniary loss and other compensable injuries.

33.    As a further proximate result of the acts of Defendant, Plaintiff suffered general damages including pain and suffering.

34.    In doing the foregoing wrongful acts Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


## FOURTH CAUSE OF ACTION

(42 U.S.C. § 1983- VIOLATION OF CIVIL RIGHTS TO FAMILIAL RELATIONSHIP)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 100)

35.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34.

36.    Defendants, acting under color of state law, deprived Plaintiff of his right to a familial relationship without due process of law by seizing Plaintiff by use of malicious prosecution and false imprisonment. Defendants' actions caused injuries resulting in familial discord and potential loss of family support. Defendants acted without provocation and in violation of Mr. Manning's rights, privileges, and immunities secured by the Fourth, and Fourteenth Amendments to the United States Constitution.

37.    In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff.  The wrongful acts were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


## FIFTH CAUSE OF ACTION

(VIOLATION OF CALIFORNIA CONSTITUTION ARTICLE I, § 13)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 100)

MANNING vs. CITY OF RHONERT PARK
COMPLAINT FOR DAMAGES

- 6

38.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37.

39.    Defendants' above-described conduct violated plaintiff's right to be free from unreasonable seizures without probable cause as guaranteed under Article I, Section 13 of the California Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (DUE PROCESS VIOLATION OF CALIFORNIA CONSTITUTION ARTICLE I, § 7(a))
### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 100)

40.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39.

41.    Defendants' above-described conduct violated plaintiff's right not to be deprived of life, liberty or property without due process of law as guaranteed under Article 1, Section 7(a) of the California Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (EQUAL PROTECTION VIOLATION OF CALIFORNIA CONSTITUTION ARTICLE I, § 7(a))
### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 100)

42.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41.

43.    Defendants' above-described conduct violated plaintiff's right to equal protection as guaranteed under Article 1, Section 7(a) of the California Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CIVIL CODE, § 52.1)
### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 100)

44.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43.

45.    Defendants' above-described conduct constituted interference and attempted interference with Plaintiff's peaceable exercise and enjoyment of rights secured by the laws of the United States Constitution and the State of California in violation of California Civil Code § 52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA CIVIL CODE, § 51.7)

### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 100)

46.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45.

47.    Plaintiff is informed and believes and thereon alleges that the conduct of Defendant OFFICER and DOES 1 through 100 inclusive, as described herein, was motivated by racial prejudice against Plaintiff.  In engaging in such conduct, Defendants violated Plaintiff's rights to be free from violence or intimidation by threat of violence committed against him because of his race.

48.    Under the provisions of California Civil Code Section 52(b), Defendants are liable for punitive damages for each violation of Civil Code 51.7 and reasonable attorney's fees.

49.    As a proximate cause of Defendants' wrongful conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION

### (FALSE IMPRISONMENT)

### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 100)

50.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49.

51.    Defendant OFFICER and DOES 1-100 inclusive, in their individual capacities, and official capacities as employees of the CITY OF ROHNERT PARK, falsely arrested and imprisoned Plaintiff without probable cause.  Plaintiff had not committed any of the crimes with

which he was charged.  OFFICER Justice did not have probable cause upon which to believe that Plaintiff committed the crimes with which he was charged.

52.     Defendant OFFICER Justice and DOES 1-100, inclusive, failed to observe proper procedures in falsely arresting and imprisoning Plaintiff without probable cause.  OFFICER JUSTICE exceeded the limits of his authority as a police officer in falsely arresting and imprisoning the Plaintiff without probable cause.

53.     As a proximate result of OFFICER JUSTICE'S conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION

### (NEGLIGENCE)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 100)

54.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53.

55.     Defendants JUSTICE and DOES 1-100 inclusive, in their individual capacities, and official capacities as employees of the CITY OF ROHNERT PARK, negligent actions and/or negligent failures to act, as set forth herein above proximately caused the emotional, physical and financial injuries visited upon plaintiff LOUIS MANNING on June 1, 2005.

56.     Plaintiff brings this action and claim for damages from, said Defendants for negligent actions and failure to act, and resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## TWELTH CAUSE OF ACTION

### (MALICIOUS PROSECUTION)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through100)

57.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56.

58.     Defendants JUSTICE and DOES 1-100 inclusive, in their individual capacities, and official capacities as employees of the CITY OF ROHNERT PARK, malicious prosecution

MANNING vs. CITY OF RHONERT PARK
COMPLAINT FOR DAMAGES

and/or wrongful detention included, but was not limited to, imprisonment and prosecution without probable cause, and failure to follow proper procedures resulting in the malicious prosecution of Mr. LOUIS MANNING.

59.     Plaintiff brings this action and his claim for damages against said Defendants for malicious prosecution, and resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRTEENTH CAUSE OF ACTION
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)
### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through100)

60.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 59.

61.     Defendant OFFICER and DOES 1-100 inclusive, in their individual capacities, and official capacities as employees of the CITY OF ROHNERT PARK, caused negligent infliction of emotional distress that included, but was not limited to, mental abuse.  The mental abuse caused LOUIS MANNING to reasonably fear for his safety.  The physical and mental abuse resulted in LOUIS MANNING suffering severe emotional distress with attendant physical manifestations.

62.     Plaintiff brings this action and claim for damages against said Defendants for negligent infliction of emotional distress, and resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTEENTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through100)

63.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 62.

64.     Defendant OFFICER and DOES 1-100 inclusive, in their individual capacities, and official capacities as employees of the CITY OF ROHNERT PARK, caused intentional infliction of emotional distress that included, but was not limited to, mental abuse.  The mental

abuse caused LOUIS MANNING to reasonably fear for his safety. The mental abuse resulted in the LOUIS MANNING suffering severe emotional distress with attendant physical manifestations.

65.     Plaintiff brings this action and claim for damages against said Defendants for negligent infliction of emotional distress, and resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.


## FIFTEENTH CAUSE OF ACTION

(NEGLIGENT HIRING, TRAINING, SUPERVISION, AND DISCIPLINE)

(AGAINST DEFENDANT CHIEF BULLARD AND DOES 1 through100)

66.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 65.

67.     Defendant CHIEF BULLARD  and DOES 1-100 inclusive, in their individual capacities, and official capacities as employees of the CITY OF ROHNERT PARK, have and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, POLICE CHIEF BULLARD, and DOES 1-100, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of Plaintiff's rights and injury to Plaintiff.

68.     POLICE CHIEF BULLARD and DOES 1- 100, inclusive, breached a duty of care to law-abiding citizens and failed to adequately train police officers in the proper and reasonable making of arrests, and treating citizens in a manner that is not racially discriminatory. This lack of adequate supervisory training, and/or policies and procedures demonstrates a failure to make reasonable arrests and to prevent racially discriminatory behavior towards citizens by OFFICERS employed by the CITY OF ROHNERT PARK.

69.     As a proximate result of Defendant POLICE CHIEF BULLARD and DOES 1-100, inclusive, negligent conduct, Plaintiff suffered severe emotional and mental distress and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

MANNING vs. CITY OF RHONERT PARK
COMPLAINT FOR DAMAGES

## SIXTEENTH CAUSE OF ACTION

### (DEFAMATION)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through100)

70.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 69.

71.     Defendant OFFICER JUSTICE and DOES 1-100 inclusive, in their individual capacities, and official capacities as employees of the CITY OF ROHNERT PARK, caused defamation that included, but was not limited to, publishing one or more oral and written false statements which were intended to impeach Plaintiff's honesty, integrity, virtue, or reputation.

72.     MR. MANNING, who is not a public figure, suffered harm to his reputation and public ridicule.

73.     Plaintiff brings this action and claim for damages against said Defendant for defamation, and resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

5.     Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.     For general damages in a sum of $4,000,000.00;

2.     For special damages in a sum according to proof;

3.     For punitive damages in a sum according to proof;

4.     For injunctive relief pursuant to enjoining CITY OF ROHNERT PARK from authorizing, allowing, or ratifying the practice by any police officer of falsely arresting law-abiding citizens.

5.     For reasonable attorney's fees;

6.   For cost of suit herein incurred; and

7.   For such other and further relief as the Court deems just and proper.

Dated this 25th day of May, 2006

LAW OFFICES OF JOHN L. BURRIS

JOHN L. BURRIS
Attorneys for Plaintiff
Louis Manning

MANNING vs. CITY OF RHONERT PARK
COMPLAINT FOR DAMAGES

- 13